Filed 12/4/20  P. v. Harrell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075393 |
| v. | (Super.Ct.No. FWV036332) |
| JOSHUA NEIL HARRELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  Affirmed.

Joshua Neil Harrell, in pro. per., and Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

A.    PROCEDURAL HISTORY

On December 28, 2005, an information charged defendant and appellant Joshua Neil Harrell with one count of second degree robbery under Penal Code section 211.  On

1

March 6, 2006, a jury found defendant guilty as charged.  On April 5, 2006, the trial court sentenced defendant to the low term of two years.[1]

"On January 14, 2015, defendant filed a motion to have his felony designated as a misdemeanor under the newly enacted Penal Code section 1170.18 (Proposition 47.)  The People requested that the court summarily deny the motion because defendant's conviction under Penal Code section 211 was excluded from relief under Proposition 47.  On April 9, 2015, the trial court determined that a violation of Penal Code section 211 was ineligible for relief under Penal Code section 1170.18, and denied defendant's motion."  (*People v. Harrell* (Nov. 6, 2015, E063431) [nonpub. opn.] 2015 Cal.App.Unpub. LEXIS 8033, *1.)[2]  On appeal, we found that "because defendant was convicted for robbery under Penal Code section 211, he [was] ineligible to have his conviction reduced from a felony to a misdemeanor under Penal Code section 1170.18." (*Id.* at *4.)

Almost four years later, on October 1, 2019, defendant filed a petition for resentencing under Penal Code section 1170.126.  On December 11, 2019, the trial court continued the matter to February 26, 2020, because "[t]he Court [was] unclear as to the relief being sought by the defendant."  On the day of the continued hearing, defendant then filed a petition for resentencing under Penal Code section 1170.18 again; he

---

[1] We affirmed defendant's conviction in 2007.  (*People v. Harrell* (May 10, 2007, E040439) [nonpub. opn.].)

[2] On September 24, 2020, we granted defendant's request to take judicial notice of the record in case No. E063431

requested that his conviction for second degree robbery be designated as a misdemeanor under Proposition 47 since the value of the property did not exceed $950. The court continued the matter to March 25, 2020, to determine "what relief the defendant [was] seeking." On June 23, 2020, at the hearing on defendant's petition, the trial court denied defendant's request.

On July 22, 2020, defendant filed a timely notice of appeal.

B.    FACTUAL HISTORY

"Through the use of a Korean translator, Jung Hee Kim ('the victim') testified that on the morning of December 8, 2005, she went shopping at the Home Goods store in Rancho Cucamonga. While looking at some blankets on the shelves, the victim momentarily left her purse unattended in her shopping cart's child seat. When the victim turned back around, she realized her purse was gone.

"She looked up from the shopping cart and saw defendant walking away. She caught up to him and said that her 'hand bag [had] disappeared.' The victim knew defendant had her purse tucked away in his jacket, so she tried to stop him from leaving the store. Walking along side defendant, the victim screamed, " 'help me, help me.' " When she actually saw the purse inside defendant's jacket, she grabbed the left side of the jacket.

"At this point, the victim's testimony regarding the events became confusing. The victim testified that when she grabbed defendant's jacket, he 'just snatched it away from [the victim] [and] then ran away.' The victim clarified that defendant never actually touched or pushed her, but she fell down after grabbing defendant's jacket. The clearest

3

description from the victim was that defendant 'just snatched [his jacket] so he could get away.'

"Shortly thereafter, the police apprehended defendant and returned the victim's purse." (*People v. Harrell*, *supra*, 2015 Cal.App.Unpub. LEXIS 8033, *2-3

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

1.      "Whether appellant's conviction for a violation of Penal Code section 211, second degree robbery, falls within the provisions of Penal Code section 1170.18, entitling him to resentencing on that count as a misdemeanor, based upon the specific facts of this case."

2.      "Whether equal protection requires that a violation of Penal Code section 211, second degree robbery, be considered within the theft provisions of section 490.2, subdivision (a), for Proposition 47 purposes, based on the facts of this particular case."

We offered defendant an opportunity to file a personal supplemental brief. On October 19, 2020, defendant filed a 12-page handwritten supplemental brief with attached documents. In the brief, defendant essentially argues that his underlying conviction for second degree robbery "was a theft without any substantial amount of

4

force or fear involved," and that the property taken was "valued less than $950."

Moreover, defendant contends that his conviction for robbery "has put a restraint on [his] liberty and an enhancement to his current prison sentence of which was enhanced from 3 years to 6 years."[3]

In this case, at the hearing on June 23, 2020, the trial court noted that defendant was seeking to reduce his case to a misdemeanor under Proposition 47. The court stated, "I have read and considered his petition, it looks like this may have been denied in the past. . . . My understanding is he was convicted of second degree robbery which is not eligible for reduction under [Penal Code] 1170.1(a)." Defense counsel noted, "it looks like [defendant] made the same request back in 2015, it was denied." The People added, "My review of the defendant's case indicates that he is not statutorily eligible for the relief that he is seeking and ask that it be similarly denied. As opposing counsel did correctly note, on April 9th 2015, the court denied the initial petition."

Thereafter, the trial court stated, "Clearly, there's no statutory authority to grant this request. This request is denied. . . . The petition is denied."

We agree with the trial court's denial of defendant's petition. Here, as noted by the trial court and counsel in this case, in our opinion from the previous appeal, we noted that "defendant challenged the sufficiency of the evidence in establishing the 'force'

---

[3] Defendant requests that we take judicial notice of court records in the County of Solano, case No. FCR336781, for which he is serving his current prison sentence; copies of which are attached to his supplemental brief. We deny defendant's request for judicial notice because the exhibits attached to the request are not relevant to the determination of the issues on this appeal.

element of the crime of robbery.  We found that substantial evidence supported a finding of force and affirmed defendant's conviction for robbery."  (*People v. Harrell*, *supra*, 2015 Cal.App.Unpub. LEXIS 8033, *4.)

On this appeal, defendant articulates the same arguments.  As we explained in our opinion from defendant's prior appeal from his Penal Code section 1170.18 petition in 2015, "defendant is foreclosed from challenging his conviction for robbery again.  Therefore, because defendant was convicted for robbery under Penal Code section 211, he is ineligible to have his conviction reduced from a felony to a misdemeanor under Penal Code section 1170.18."  (*People v. Harrell*, *supra*, 2015 Cal.App.Unpub. LEXIS 8033, *4.)  Hence, the trial court properly denied defendant's petition.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                          J.

We concur:


RAMIREZ _____
                        P. J.


FIELDS _____
                        J.

6